JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Anthony Giamoni
104 Bullman Street
Phillipsburg NJ 08865

**DEFENDANTS**

Richard Seeds
Fred Schoenberger

**(b)** County of Residence of First Listed Plaintiff  Warren County New Jersey
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Philip D. Lauer, Esquire
Lauer & Fulmer, P.C.
701 Washington Street
Easton PA  18042
610.258.5329

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine / Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 380 Other Personal | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal / Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | ☐ 362 Personal Injury - / Product Liability | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | Medical Malpractice | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting / ☐ 463 Alien Detainee | | | |
| ☐ 240 Torts to Land | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities Other / **Other:** | ☐ 462 Naturalization Application | | |
| | / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.s 1983

Brief description of cause:
Federal civil rights violations and pendent state claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  >150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
01/22/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Anthony Giunoni                 :        CIVIL ACTION
                                :
            v.                  :
Richard Seeds, et al.           :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

1/22/14 _____    _____    Philip D. Lover, Esq. _____
**Date**                    **Attorney-at-law**    **Attorney for** Plaintiff

610.258.5329    610.258.0155    ph.lelaverlor.net
**Telephone**    **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _104 Bullner Street, Phillipsburg NJ 08865_

Address of Defendant: _3432 Spear Street, Bethlehem PA 18020_

Place of Accident, Incident or Transaction: _11th Street, Easton, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _Philip D. Lovely_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: _1/22/14_ _____     _07935_
Attorney-at-Law     Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/22/14_ _____     _07935_
Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY GIAMONI** | : | |
| **104 Bullman Street** | : | |
| **Phillipsburg NJ 08865** | : | |
| Plaintiff, | : | **No.** |
| | : | |
| **v.** | : | |
| | : | |
| **RICHARD SEEDS,** | : | |
| *Individually, and in his official capacity as* | : | |
| *a Pennsylvania Constable,* | : | |
| **3432 Spear Street** | : | |
| **Bethlehem PA  18020** | : | |
| | : | |
| **and,** | : | |
| | : | |
| **FRED SCHOENENBERGER,** | : | |
| *Individually, and in his official capacity as* | : | |
| *a Pennsylvania Constable,* | : | |
| **110 N. 18th Street** | : | |
| **Easton PA  18042** | : | |
| Defendants. | : | **Jury Trial Demanded** |

## COMPLAINT

NOW COMES the Plaintiff, Anthony Giamoni, by and through his

attorneys, Philip D. Lauer, Esquire, LAUER & FULMER, P.C., and by way of

Complaint against the Defendants named herein, does aver as follows:

### I.    JURISDICTION AND VENUE

1.    This action is instituted under the United States Constitution, particularly

under the provisions of the Fourth and Fourteenth Amendments, and under

federal law, particularly the Civil Rights Act of 1871 hereinafter referred to

as the "Act", as amended, 42 U.S.C. §1983, et seq.

2.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343 and §1367, regarding the principles of pendent and supplemental jurisdiction over related state law claims.

3.    Venue in the Eastern District is properly laid pursuant to 28 U.S.C. §1391, in so far as the alleged unlawful conduct complained of in this Complaint, which forms the factual and legal basis of the Plaintiff's claims, arose within the geographical limits of this District in general and, within the geographical limits of the City of Easton, Northampton County, Pennsylvania, in particular.

## II.    THE PARTIES

4.    Plaintiff Anthony Giamoni, (hereinafter "Anthony") is an adult individual, with a permanent residence of 104 Bullman Street, Phillipsburg, New Jersey. Plaintiff Giamoni is presently incarcerated at the SCI – Graterford, pending classification, as a result of matters unrelated to the instant action.

5.    Defendant Richard Seeds (hereinafter "Seeds") is an adult individual with a permanent residence at 3432 Spear Street, Bethlehem Township, Northampton County, Pennsylvania 18020. At all times relevant hereto, Seeds was serving in his capacity as a duly elected Pennsylvania Constable and performing the duties of his office in and about Northampton and

Lehigh counties.

6.  Defendant Fred Schoenenberger (hereinafter "Schoenenberger") is an adult individual with a permanent residence at 110 N. 18th Street, Wilson Borough, Northampton County, Pennsylvania 18042. At all times relevant hereto, Schoenenberger was serving in his capacity as a duly elected Pennsylvania Constable and performing the duties of his office in and about Northampton and Lehigh counties.

7.  Defendants Seeds and Schoenenberger were entrusted to protect the Constitutional and legal rights of those entrusted to their custody and control, including Anthony, and at all times relevant hereto, were acting under the authority and color of law, and acted in concert with the other individual Defendant in the performance or conduct of their actions, or acted independently.

## III. FACTS (Pre-Discovery)

8.  On or about January 23, 2012 officers of the Easton Police Department ("EPD") and, Anthony Allstop, a state Parole Agent were searching for a person in violation of parole at a residence on South 11th Street in the City of Easton, Pennsylvania.

9.  While lawfully attending to their duties the said officers encountered Defendant Constables Seeds and Schoenenberger. The Defendants were in

search of different individuals.

10.   After knocking on the door of the residence and receiving no reply, Defendant Seeds, without lawful authority or authorization from the EPD, violently kicked in the front door of the residential building.

11.   Inside the residential building EPD officers encountered Anthony. The officers determined that Anthony was wanted for a technical parole violation.

12.   The officers placed Anthony under arrest.

13.   Anthony was handcuffed and seated on a step. Anthony subsequently stood up while in handcuffs and asked why he was being arrested.

14.   An EPD officer, believed to be Russell Demko, proceeded toward Anthony in what is believed to be an attempt to have him sit back down.

15.   While attempting to perform his lawful duties, the EPD officer was "commanded" to stop by Defendant Seeds. Seeds yelled "Taser! Clear!"

16.   Defendant Seeds had no lawful authority to supervise or command the actions of EPD officers.

17.   Seeds yelled at Anthony "I'm going to teach you a lesson in life."

18.   Seeds then maliciously, viciously, and outrageously aimed and fired his Taser weapon at Anthony.

19.   The weapon struck Anthony sending tens of thousands of volts of electricity

4

though Anthony's defenseless, handcuffed body.

20. Seeds lacked any legal authority for the application of the Taser weapon, or any force whatsoever.

21. There was no legitimate or lawful reason for the application of the Taser.

22. As a result of the unlawful actions and omissions of the Defendants, Anthony was forced to seek treatment for his injuries at Easton Hospital.

23. Seeds used his Taser weapon solely to inflict pain and suffering upon Anthony, without any justification whatsoever.

24. Nationally established Taser training protocols forbid the use of a Taser weapon in the manner employed by Seeds.

25. The actions of the Defendants violate the generally accepted standards for conduct of Pennsylvania Constables as memorialized in the Code of Conduct published by the Pennsylvania State Constables Association.

26. During the entire course of events on the day in question at the residence on South 11th Street, Defendant Seeds was accompanied by Defendant Constable Schoenenberger who lent his assistance to Seeds and did not take any action to halt Seeds' unlawful conduct.

27. The EPD officers present believed that the use of the Taser by Defendant Seeds was inappropriate and not in conformance with generally accepted law enforcement standards.

5

28. Upon information and belief, the EPD officers present were shocked and outraged by the unlawful interference and outrageous conduct of Defendant Seeds.

29. Subsequent to the incident the Defendant Constables posted cell phone pictures and comments about their unlawful Tasering of Anthony on their social media sites and other internet sites.

30. Seeds referred to himself as a "turdologist – an expert at turd removal." He also boasted of his unlawful activities that "the old man still got it."

31. Defendant Schoenenberger bragged of his unlawful activities: "One turd Tased and arrested."

32. EPD Chief Carl Scalzo reacted to the outrageous conduct of Defendant Seeds and Schoenenberger by formally conveying his concern to Northampton County Court of Common Pleas President Judge F.P. Kimberly McFadden.

33. President Judge McFadden requested that Northampton County District Attorney John Morganelli commence a criminal investigation into the matter.

34. President Judge McFadden also entered an Order directing the County's courts and domestic relations division to not utilize either of the Defendant constables for any County business whatsoever.

35.    District Attorney Morganelli conducted a criminal investigation of the two Defendants and determined that, although it was a "close call" his office would not pursue criminal charges against either Defenandant.

36.    D.A. Morganelli did determine that (1) the Defendants had absolutely no lawful authority to meddle in the police actions involving law enforcement officers and Anthony; and (2) the Defendants had no lawful authority to even be present in the residence in question at the time of their unlawful assault of Anthony.

37.    D.A. Morganelli determined that the actions of the Defendants, described above, demonstrated "a total lack of professionalism" and a blatant disregard of the criminal justice system.

38.    In response to the aforesaid events, D.A. Morganelli called upon the Pennsylvania legislature to review the constable system and take measures to assure proper oversight of constables.

39.    As independently elected officials, Pennsylvania Constables are not supervised by any other governmental entity. They are free to establish whatever policies and or procedures they wish to employ in the performance of their duties. Their decisions with respect to policy and procedure are final and unreviewable.

40.    After D.A. Morganelli declined criminal prosecution of the Defendants,

President Judge McFadden did not immediately vacate her Order.

41.   Subsequently, Northampton County Court Administrator James Onembo
      opined that the President Judge lacked any authority in law to permanently
      bar the Defendants from doing any County business.

42.   Later, on May 31, 2012, President Judge McFadden entered an Order
      determining, *inter alia*, that "the Court is constrained to permit the
      reinstatement of the above named as constables to the Magisterial District
      Judges and the Domestic Relations Divisions." Her Order noted that any
      assignments to the two Defendants would be solely at the discretion of the
      courts or departments involved.

43.   Defendant Seeds has a decade long history of violating the Constitutional
      rights of those he encounters, including three significant civil suits which
      resulted in settlements in this District. One which was settled for $320, 000,
      Involved Seeds shooting several dogs at a residence where he was serving a
      traffic citation.

44.   Both Defendants have a reputation in Northampton and Lehigh counties for
      intemperate behavior and violations of the well established legal rights of
      those whom they encounter.

45.   Plaintiff believes, and thus avers, that some judicial officers refuse to utilize
      the services of the Defendants because of their well known reputation for

such unlawful conduct.

46.    At all times during the events described above, the Defendants were engaged in a joint venture. The Defendants assisted each other in performing the various actions described, and lent their physical presence, support, and/or the authority of their office to each other during the said events.

47.    As a direct and proximate result of the said acts or omissions of the Defendants, Plaintiff suffered, *inter alia*, the following injuries and damages:

   a)    physical and mental pain and suffering, in both the past and the predictable future, including damages for physical pain, discomfort, ill health, and emotional injuries including stigma, humiliation, fright and emotional trauma;

   b)    medical expenses;

   c)    loss of life's pleasures;

   d)    general damages for violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution; and

   e)    punitive damages against the Defendants in their individual capacities which are justified factually and legally because Defendants acted maliciously    and/or    wantonly    in    violating    the    Plaintiff's

9

constitutionally and statutorily protected rights, and did so intentionally, recklessly and willfully while engaging in reprehensible and outrageous conduct not to be tolerated in a civilized society.

48.    The actions of the Defendants violated the clearly established and well-settled federal Constitutional rights of the Plaintiff as more clearly set forth in the Counts below.   It was not reasonable for either of the Defendants to believe that their actions or omissions did not violate Plaintiff's rights.

## COUNT I
### Section 1983 - Constitutional Violations
### Against Both Defendants

49.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

50.    The conduct of each Defendant was willful, reckless, grossly negligent and deliberately indifferent to the bodily integrity and the physical and psychic safety of Anthony.

51.    This conduct constitutes a violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, more specifically Anthony's rights to be free from the use of excessive force, his freedom of bodily integrity, freedom of speech, and to petition the government.

52.    As a direct and proximate result, Anthony was injured as stated more fully herein.

## COUNT II
### Section 1983 - Failure to Intervene
### Against Defendant Schoenenberger

53.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

54.  Defendant Schoenenberger is liable for failing to intervene to prevent the constitutional violations of Anthony's federally protected rights, as claimed herein, by Defendant Seeds.

55.  Anthony's Constitutional rights were violated as alleged herein.

56.  Under circumstances where a named Defendant was not the violator of a given right as alleged, he had the duty to intervene, including the duty to intervene to prevent the Constitutional violations more fully described herein.

57.  Defendant Schoenenberger had a reasonable opportunity to intervene.

58.  Defendant Schoenenberger failed to intervene.

59.  As a direct and proximate result of the failure of Defendant Schoenenberger to intervene, Anthony suffered damages as more fully described herein above.

## COUNT III
### Section 1983 - Civil Conspiracy
### Against Both Defendants

60.  The preceding paragraphs are incorporated herein by reference as though

11

fully set forth.

61.   Both Defendants conspired to engage in the conduct alleged herein above, whereby each Defendant acted in concert, pursuant to an agreement, to cause the stated harms or in some way facilitated the conspiratorial objective of inflicting the resulting harms upon Anthony by their own acts or omissions or by those of fellow co-conspirators.

62.   As a result of the aforesaid conspiracy engaged in by Defendants, Anthony suffered the damages as more fully described herein.

## COUNT IV
### Assault
### Against Both Defendants

63.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

64.   The actions of the Defendants, as more fully described herein, placed Anthony in reasonable and immediate fear of harmful or offensive physical contact from the Defendant.

65.   The said contact was not privileged, nor was it consented to by Anthony.

66.   As a direct and proximate result, Anthony was injured as stated more fully herein.

12

## COUNT V
### Battery
### Against Defendant Seeds

67.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

68.    Defendant Seeds physically contacted Anthony in an extremely harmful and offensive manner.

69.    The said contact was not privileged, nor was it consented to by Anthony.

70.    As a direct and proximate result, Anthony was injured as stated more fully herein.

## COUNT VI
### Intentional Infliction of Emotional Distress
### Against Both Defendants

71.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

72.    The aforesaid extreme and outrageous conduct, and acts of the Defendants resulted in the infliction of emotional distress, psychological trauma, and psychic pain and suffering upon Anthony and instilled in her mind an immediate and permanent sense of fear and trepidation, and said conduct, acts or omissions surpass all bounds of decency universally recognized in a civilized society.

73.    As a direct and proximate result and consequence of the aforesaid conduct,

and acts of the Defendants, which constitutes intentional infliction of emotional distress, Anthony has suffered, is continuing to suffer, and will suffer into the future, the following:

a.  emotional and psychological distress and trauma;

b.  mental anguish;

c.  psychic pain and suffering;

d.  severe fright, horror, and grief;

e.  shame, humiliation, and embarrassment;

f.  severe anger, chagrin, disappointment and worry; and

g.  conduct which justifies punitive damages because of the outlandish and outrageous conduct, actions and omissions of one or more of the Defendants.

## COUNT VII
### Civil Conspiracy
### Against Both Defendants

74. The preceding paragraphs are incorporated herein by reference as though fully set forth.

75. Both Defendants conspired to engage in the tortuous state claims alleged hereinbefore whereby each Defendant acted in concert, pursuant to an agreement, to cause the stated harms or in some way facilitated the conspiratorial objective of inflicting the resulting harms upon Anthony by

14

their own acts or omissions or by those of fellow Defendant.

76.    As a result of the aforesaid conspiracy engaged in by the Defendants, Anthony suffered the damages as aforesaid.

## OTHER

77.    Plaintiff respectfully requests a jury of eight (8) jurors to deliberate upon the within cause of action.

78.    Where permitted by law, the Plaintiff demands reasonable attorney's fees, costs, interest, expenses, delay damages, compensatory damages, punitive damages and any other damages deemed appropriate by the Court.

79.    Plaintiff requests that this Honorable Court issue declaratory and injunctive relief, as appropriate, declaring the within described practices to be unlawful, and enjoining their present and continued effects.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, for each Count alleged:

a.    Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of interest and costs;

b.    Award punitive damages to Plaintiff against the Defendants in their individual capacities, jointly and severally;

c.    Award delay damages;

d.    Award reasonable attorney's fees and costs to the Plaintiff; and

e.    Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,
LAUER & FULMER, P.C.

Date: January 22, 2014

By
Philip D. Lauer, Esquire
I.D. # PA 07935
701 Washington Street
Easton PA  18042
610.258.5329
Fax: 610.258.0155
phil@lauerlaw.net
Attorneys for Plaintiff

*Of counsel:*

Joseph E. Welsh, Esquire
I.D. # IL 3128295
LAUER & FULMER, P.C.
joe@lauerlaw.net

16